REQUESTED BY: Senator Rex Haberman Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
 Senator John DeCamp Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senators:
This is in reply to your inquiry concerning the constitutionality of the transfer of two million dollars from the Department of Banking and Financial Securities Act Cash Fund and five hundred and fifty thousand dollars from the interest earnings in the Social Security Contributions Fund, as provided in section 81 of LB 628, to the General Fund.
With regard to the Securities Act Cash Fund, Neb.Rev.Stat. § 8-1120 (Reissue 1977) provides that all fees paid to the Director of Banking under the provisions of § 8-1101
to 8-1124, shall be paid to the State Treasurer and by the State Treasurer credited to the Securities Act Cash Fund, and that such fund, `shall be used for the purpose of administering and enforcing the provisions of §§ 8-1101 to8-1124, and all of such money is appropriated and shall be appropriated for such purposes.'
From our examination of LB 628, it does not appear to repeal § 8-1120.
Article III, Section 12 of the Nebraska Constitution provides in part: `and no law shall be amended unless the new act contain the section or sections as amended and the section or sections so amended shall be repealed. . .'
It is our opinion that since LB 628 does not repeal 8-1120
the provision of section 81 of LB 628 transferring two million dollars from the Securities Act Cash Fund to the General Fund could not be enforced.
With regard to the provision dealing with the transfer of interest earnings in the Social Security Contribution Fund, Neb.Rev.Stat. § 68-613 (Reissue 1981) presently provides that the interest earnings from that fund `may be transferred to the General Fund at the direction of the Legislature.'
You have also asked if the Governor may, under Program 519 of his 1983-84 budget, transfer the unexpended balance of the Veterans' Home Building Fund to the Department of Public Institutions Cash Fund.
In 1978 the Legislature enacted Neb.Rev.Stat. 80-301.01
(Reissue 1981), which transferred $500,000.00 from the short term investment pool maintained by the Department of Public Institutions, to the Veterans' Home Building Fund and, by enacting § 80-301.02, provided that the fund shall, `be used for the specific purpose of adding nursing facilities when needed.'
In our opinion the $500,000.00 appropriated in 1978 was earmarked for the purpose stated and, for the reasons stated above with regard to the provisions of LB 628, cannot be transferred to any other fund for any other purpose without amendment or repeal of §§ 80-301.01 and 80-301.02.
It is our understanding that since the $500,000.00 was transferred to the Veterans' Home Building Fund in 1978, it has been invested pursuant to the provisions of subsection (2) of Neb.Rev.Stat. § 72-1244, and has accumulated in excess of $350,000.00 interest. In this regard we point out that § 72-1248 (Reissue 1981) provides in part: `All interest, premium and other income received from investments pursuant to subsection (2) of section 72-1244 shall be credited to the fund from which the investment was made.'
It is therefore our opinion that the interest accrued to the $500,000.00 is also a part of the Veterans' Home Building Fund.
Very truly yours, PAUL L. DOUGLAS Attorney General Bernard L. Packett Assistant Attorney General